IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ALECIA FARLEY,
                Plaintiff,

v.                                                        Civil Action No. 3:24cv417

LENDMARK FINANCIAL SERVICES, LLC,
                Defendant.

## ORDER

This matter comes before the Court on its own initiative. On June 6, 2024, Farley filed a motion to proceed *in forma pauperis* ("IFP") and a copy of her proposed Complaint. On July 25, 2024, the Court granted her motion to proceed IFP; dismissed her federal claims; and, because she did not properly allege the citizenship of the defendant, Lendmark Financial Services, LLC ("Lendmark"), directed Farley "to file a statement that alleges the citizenship of the members of Lendmark within fourteen (14) days of this Order." (ECF No. 2.) Farley has not filed the statement alleging citizenship, and the time to do so has expired.

As the Court explained in its July 25 Order, federal courts can only hear either (1) cases that present a federal question ("federal question jurisdiction"), 28 U.S.C. § 1331, or (2) cases for over $75,000 that arise between citizens of different states ("diversity jurisdiction"), 28 U.S.C. § 1332. "A plaintiff bears the burden of proof for establishing that federal subject matter jurisdiction is proper." *Medtronic, Inc. v. Lee*, 151 F. Supp. 3d 665, 671 (E.D. Va. 2016). Because the Court dismissed Farley's federal causes of action, it must determine if it has diversity jurisdiction over this case before proceeding. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.") Farley, a citizen of Virginia, has sued Lendmark, a limited liability company ("LLC"). An LLC "is treated

as an unincorporated association, which has the citizenship of each of its members." *Hawkins v. i-TV Digitalis Tavkozlesi zrt.*, 935 F.3d 211, 223 (4th Cir. 2019). If a case does not fit at least one of these situations, the Court lacks subject matter jurisdiction. Farley has not properly alleged the citizenship of Lendmark's members despite a Court Order telling her to do so. Accordingly, she has not established that the Court has diversity jurisdiction over this case.

Because the Court has dismissed Farley's federal claims, and Farley has failed to establish that diversity jurisdiction exists, the case can only proceed if the Court exercises supplemental jurisdiction over the remaining state law claims. As the Court previously explained to Farley, district courts have supplemental jurisdiction over any state law claims that "are so related to claims" over which the court has original jurisdiction that they "form part of the same case or controversy." 28 U.S.C. § 1367(a). A court can decline to exercise its supplemental jurisdiction over the state law claims in certain circumstances, including when it has "dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Because this case remains in its early stages and the only remaining claims involve purely state law issues, the Court will decline to exercise supplemental jurisdiction. *See id.*

Accordingly, the Court DECLINES to exercise supplemental jurisdiction over Farley's state law claims, DISMISSES Farley's remaining claims WITHOUT PREJUDICE, and DIRECTS the Clerk to close this case.[1]

The Court does not grant Farley leave to amend her complaint, rendering this Order final and appealable. *See Britt v. Dejoy*, 45 F.4th 790, 796 (4th Cir. 2022). Should Farley wish to appeal this Order, she must file written notice of appeal with the Clerk of Court within thirty (30)

---

[1] In addition, the Court previously imposed a prefiling injunction against Farley. *See Farley v. Bank of America, N.A.*, No. 3:14cv568, ECF No. 54 (E.D. Va. June 11, 2015). Farley failed to comply with the terms of the prefiling injunction when she filed this case. The Court reminds Farley that she must comply with the prefiling injunction before filing cases in the future.

2

days of the date of entry. Failure to file a notice of appeal within that period may result in the loss of the right to appeal.

    It is so ORDERED.

    Let the Clerk mail a copy of this Order to the *pro se* plaintiff.

Date: 24 September 2024
Richmond, VA

/s/
John A. Gibney, Jr.
Senior United States District Judge